HQ H235018

February 20, 2013

BOR-4-07-OT:RR:BSTC:CCR  H235018  DAC

CATEGORY:  Carriers

Peter A. Quinter
Gray Robinson
1221 Brickell Ave., Suite 1600
Miami, FL 33131-0014

RE:    Export, self-propelled vehicles.  19 CFR §§ 192.0-192.4.  19 U.S.C. §§ 1627a, 1646a,
       1646b, 1646c.  15 CFR § 758.7, 19 CFR § 161.2, 22 CFR § 127.4.

Dear Mr. Quinter:

This letter is in response to your letter of October 29, 2012, submitted on behalf of Mobizz IT Solutions LLC ("Mobizz"), a Delaware corporation doing business in Miami, Florida. In your submission you are requesting a reconsideration of the determination in HQ H228766, dated October 2, 2012, regarding the term "used" and the application of the Customs and Border Protection (CBP) Regulations located at 19 CFR § 192.0-192.4, with respect to certain proposed transactions of motor vehicles. Our determination is set forth below.

FACTS:

In your submission of October 29, 2012, you submit the following facts and circumstances. Mobizz is a Delaware corporation based in Miami, Florida. Mobizz purchases new vehicles from franchised American dealerships and immediately facilitates the exportation of such vehicles to a dealer in Brazil. The dealer in Brazil later sells the vehicles to yet another party. The vehicle certificates of title are issued in the name of Mobizz. Mobizz then makes arrangements for export of the subject motor vehicles to Brazil. You also state that in some transactions, Mobizz receives the original Manufacturers Statement of Origin (MSO), but in most instances Mobizz receives the certificates of title. Additionally, we note that in your October 29, 2012 submission you again explicitly state that, "Mobizz is *not* a licensed dealer." (emphasis retained). Your submission inquires whether the subject motor vehicles purchased in such transactions are considered "used" within the meaning of 19 CFR § 192.1 and thereby subject to the requirements of 19 CFR §§ 192.0-192.4.

ISSUE:

Whether the subject motor vehicles that are purchased by Mobizz from an automobile dealer franchise located in the United States, for the express purpose of export to a dealer located in Brazil that will sell the subject vehicles to yet another party, are considered "used" within the meaning of the CBP Regulations at 19 CFR § 192.1 and subject to the requirements of 19 CFR §§ 192.0-192.4.

LAW AND ANALYSIS:

The relevant statutes and regulations that are directly related to the proposed transaction under consideration are located at 19 U.S.C. §§ 1627a, 1646a, 1646b, and 1646c; and 19 CFR §§ 192.0-192.4. At this time we emphasize to all parties that the export of any and all merchandise from the United States, to include the subject vehicles, must comply with all United States statutes and regulations related to exportation, whether administered by CBP or another agency. *See especially* 15 CFR Part 30; 15 CFR Part 700 *et seq*; 19 CFR Part 18; 19 CFR Part 111; 19 CFR §§ 161.2, 192.14; 22 U.S.C. §§ 401, 2780; 18 U.S.C. §§ 511[1], 512, 2312[2], 2321[3]; and the SDN list published at: http://www.treasury.gov/ofac/downloads/ctrylst.txt. We further emphasize that this ruling is limited only to the subject proposed transaction, as described above, within the meaning of 19 U.S.C.§ 1627a and within the meaning of the CBP Regulations located at 19 CFR §§ 192.0-192.4.[4]

---

[1] 18 U.S.C. § 511. Altering or removing **motor vehicle identification numbers**.
(a) **A person who**--
(1) knowingly removes, obliterates, tampers with, or alters **an identification number for a motor vehicle or motor vehicle part**; or
(2) with intent to further the theft of a **motor vehicle**, knowingly removes, obliterates, tampers with, or alters a decal or device affixed to a motor vehicle pursuant to the Motor Vehicle Theft Prevention Act,
shall be fined under this title, imprisoned not more than 5 years, or both.

[2] 18 U.S.C. 2312. **Transportation** of stolen vehicles. **Whoever transports in interstate or foreign commerce a motor vehicle**, vessel, or aircraft, knowing the same to have been stolen, shall be fined under this title or imprisoned not more than 10 years, or both.n  (emphasis added.)

[3] 18 U.S.C. § 2321. **Trafficking** in certain motor vehicles or motor vehicle parts. (a) **Whoever buys, receives, possesses, or obtains control of**, with intent to sell or otherwise dispose of, **a motor vehicle or motor vehicle part**, knowing that **an identification number for such motor vehicle or part has been removed, obliterated, tampered with, or altered**, shall be fined under this title or imprisoned not more than ten years, or both. … (emphasis added.)

[4] We note that in your submission you refer to 15 U.S.C. § 1231, which provides "Definitions [f]or purposes of this Act", that is, specifically for the purposes of 15 U.S.C. §§ 1231 et seq., which relates to the disclosure of automobile information. You refer to 15 U.S.C. § 1231, which provides, "(e) The term 'dealer' shall mean any person resident or located in the United States or any Territory thereof or in the District of Columbia engaged in the sale or the distribution of new automobiles to the ultimate purchaser." In similar regards, we also note that 15 U.S.C § 1221, which provides definitions for purposes of 15 U.S.C. §§ 1221 et seq. 15 U.S.C. § 1221, provides the following: "[t]he term 'automobile dealer' shall mean any person, partnership, corporation, association, or other form of business enterprise resident in the United States or in any Territory thereof or in the District of Columbia **operating under the terms of a franchise** and engaged in the sale or distribution of passenger cars, trucks, or station wagons." 15 U.S.C. § 1221(c). (emphasis added.)  Additionally, we note that 49 U.S.C. § 30102, which provides general definitions for purposes of 49 U.S.C. §§ 30101 et seq., that include: "(1) 'dealer' means a person selling and distributing new motor vehicles or motor vehicle equipment primarily to purchasers that in good faith purchase the vehicles or equipment other than for resale." Moreover, we also note that 49 U.S.C. § 13102, which provides definitions for purposes of 49 U.S.C. § 13101 et seq., that include: "(2) Broker. The term 'broker' means a person,

2

The relevant statute located at 19 U.S.C. § 1627a[5], provides, in pertinent part:

> (c) **Definitions. For purposes of this section--**
> (1) the term **"self-propelled vehicle" includes any automobile**, truck, tractor, bus, motorcycle, motor home, self-propelled agricultural machinery, self-propelled construction equipment, self-propelled special use equipment, and any other self-propelled vehicle used or designed for running on land but not on rail;
>
> ...
>
> (3) the term **"used"** refers to any self-propelled vehicle the equitable or legal title to which has been transferred by a manufacturer, distributor, or dealer to an ultimate purchaser; **and**
> (4) the term **"ultimate purchaser"** means **the first person, other than a dealer** purchasing in his capacity as a dealer, who in good faith purchases a self-propelled vehicle for purposes other than resale. 19 U.S.C. § 1627a(c). (emphasis added.)
>
> (d) Cooperation of law enforcement and governmental authorities. **Customs officers may cooperate and exchange information concerning motor vehicles, off-highway mobile equipment, vessels, or aircraft, either before exportation or after exportation or importation, with such** Federal, **State, local, and foreign law enforcement or**

---

other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." Please note that in regards to your submission and the proposed transaction, we shall limit our determination to the relevant statutes, regulations and provisions within the meanings of 19 U.S.C. § 1627a and 19 CFR §§ 192.0-192.4.

[5] 19 U.S.C. § 1627a.
(a) Violations; penalties; seizures and forfeitures.
 (1) Whoever knowingly imports, exports, or attempts to import or export--
  (A) **Any** [any] stolen self-propelled vehicle, vessel, aircraft, or part of a self-propelled vehicle, vessel, or aircraft; or
  (B) **any** self-propelled vehicle or part of a self-propelled vehicle from which the identification number has been removed, obliterated, tampered with, or altered;
 **shall be** subject to a **civil penalty** in an amount determined by the Secretary, not to exceed $ 10,000 for each violation.
 (2) **Any violation of this subsection shall make such self-propelled vehicle,** vessel, aircraft, **or part thereof subject to seizure and forfeiture under this Act**.
(b) Regulations; violations; penalties. **A person attempting to export a used self-propelled vehicle shall present, pursuant to regulations prescribed by the Secretary, to the appropriate customs officer both the vehicle and a document describing such vehicle which includes the vehicle identification number, before lading if the vehicle is to be transported by vessel or aircraft, or before export if the vehicle is to be transported by rail, highway, or under its own power.** Failure to comply with the regulations of the Secretary shall subject such person to a civil penalty of not more than $ 500 for each violation.
...
(d) **Cooperation of law enforcement and governmental authorities**. Customs officers may cooperate and exchange information concerning motor vehicles, off-highway mobile equipment, vessels, or aircraft, either before exportation or after exportation or importation, with such Federal, State, local, and foreign law enforcement or governmental authorities, and with such organizations engaged in theft prevention activities, as may be designated by the Secretary. 19 U.S.C. § 1627a. (emphasis added.)

3

> governmental authorities, **and with such organizations engaged in theft prevention activities**, as may be designated by the Secretary. (emphasis added.)

The relevant regulations located at 19 CFR §§ 192.0-192.1, provide, in pertinent part:

> 19 CFR § 192.0 Scope.
> This part sets forth regulations pertaining to procedures for the lawful **exportation of used self-propelled vehicles**, vessels, and aircraft, and the penalties and liabilities incurred for failure to comply with any of the procedures. (emphasis added.)
>
> 19 CFR §192.1 Definitions.
> The following are general definitions for the purposes of this subpart A.
> * * *
>
> *Export.* **"Export"** refers to the **transportation of merchandise out of the U.S.** for the purpose of being entered into the commerce of a foreign country.
>
> *Self-propelled vehicle.* **"Self-propelled vehicle" includes any automobile**, truck, tractor, bus, motorcycle, motor home, self-propelled agricultural machinery, self-propelled construction equipment, self-propelled special use equipment, and any other self-propelled vehicle used or designed for running on land but not on rail.
>
> *Ultimate purchaser.* **"Ultimate purchaser" means the first person, other than a dealer** purchasing in his capacity as a dealer, who in good faith purchases a self-propelled vehicle for purposes other than resale.
>
> *Used.* **"Used" refers to any self-propelled vehicle** the equitable or legal title to which has been transferred by a manufacturer, distributor, or dealer to an ultimate purchaser. (italics in original). (bold emphasis added.)

In your submission you refer to the definition of "dealer" provided in 15 U.S.C. § 1231, which states that, "[t]he term 'dealer' shall mean any person resident or located in the United States or any Territory thereof or in the District of Columbia engaged in the sale or the distribution of new automobiles to the ultimate purchaser." 15 U.S.C. § 1231(e). However, we also note that 15 U.S.C. § 1221, provides that, "[t]he term 'automobile dealer' shall mean any person, partnership, corporation, association, or other form of business enterprise resident in the United States or in any Territory thereof or in the District of Columbia *operating under the terms of a franchise* and engaged in the sale or distribution of passenger cars, trucks, or station wagons." 15 U.S.C. § 1221(c). (emphasis added.) There is no claim or evidence that Mobizz is operating under a such

4

a franchise, and moreover, in your October 29, 2012, submission you explicitly state that, "Mobizz is *not* a licensed dealer."[6] (emphasis retained.)

In your submission you claim that there is a separation between State and Federal regulatory requirements.[7] However, we note that in order to enhance enforcement effectiveness, the statute, 19 U.S.C. § 1627a(d), explicitly states that, "*Customs officers may cooperate and exchange information concerning motor vehicles, ... either before exportation or after exportation or importation, with such* Federal, *State, local*, and foreign *law enforcement or governmental authorities...*" (emphasis added.)[8]

In your submission you refer to a web page located at: http://www.cbp.gov/linkhandler/cgov/newsroom/publications/trade/export_vehicle.ctt/exportinga vehicle.doc In your submission you specifically refer to the first sentence in the following paragraph:

> a vehicle will be "new" for purposes of this provision if (1) the manufacturer, distributor, or dealer retains legal and equitable title to the vehicle at the time of exportation, or (2) the manufacturer, distributor, or dealer has transferred legal or equitable title to a dealer who purchased the vehicle in his capacity as a dealer. ...

---

[6] 15 U.S.C. § 1221. (b) The term "franchise" shall mean the written agreement or contract between any automobile *manufacturer* engaged in commerce and any automobile dealer which purports to fix the legal rights and liabilities of the parties to such agreement or contract. (emphasis added.)

[7] Secretary of Transportation authority:
49 U.S.C. § 31141. Review ... of State laws and regulations.
(a) Preemption after decision. A State may not enforce a State law or regulation on commercial motor vehicle safety that the **Secretary of Transportation** decides under this section may not be enforced.  *  *  *
(c) Review and decisions by Secretary. (1) Review. The **Secretary** shall review State laws and regulations on commercial motor vehicle safety. The **Secretary** shall decide whether the State law or regulation ...
49 U.S.C. § 31141. (emphasis added.)

[8] Florida Statute § 320.27. **Motor vehicle dealers**.
"(2) License required. --**No person shall engage in business as, serve in the capacity of, or act as a motor vehicle dealer in this state without first obtaining a license therefor in the appropriate classification as provided in this section**. With the exception of transactions with motor vehicle auctions, no person other than a licensed motor vehicle dealer may advertise for sale any motor vehicle belonging to another party unless as a direct result of a bona fide legal proceeding, court order, settlement of an estate, or by operation of law. However, owners of motor vehicles titled in their names may advertise and offer vehicles for sale on their own behalf. It shall be unlawful for a licensed motor vehicle dealer to allow any person other than a bona fide employee to use the motor vehicle dealer license for the purpose of acting in the capacity of or conducting motor vehicle sales transactions as a motor vehicle dealer. Any person selling or offering a motor vehicle for sale in violation of the licensing requirements of this subsection, or who misrepresents to any person its relationship with any manufacturer, importer, or distributor, in addition to the penalties provided herein, shall be deemed guilty of an unfair and deceptive trade practice as defined in part II of chapter 501 and shall be subject to the provisions of subsections (8) and (9). § 320.27(2). (emphasis added.)
Florida Statute § 320.61. **Licenses required of motor vehicle manufacturers, distributors, importers**, etc.
"(1) **No manufacturer, factory branch, distributor, or importer (all sometimes referred to hereinafter as "licensee") shall engage in business in this state without a license therefor as provided in ss. 320.60-320.70. No motor vehicle, foreign or domestic, may be sold, leased, or offered for sale or lease in this state unless the manufacturer, importer, or distributor of such motor vehicle, which issues an agreement to a motor vehicle dealer in this state, is licensed under ss. 320.60-320.70**. § 320.61. (emphasis added.)

5

However, the paragraph continues with the following language:

> For example, a vehicle being exported will be considered new, and thus not subject to the provisions of Part 192, *if a manufacturer sends* an unsold vehicle to another of its own facilities in a foreign country to increase inventory or *if a manufacturer sells* a vehicle to an overseas dealer who will then sell it to an ultimate purchaser. (emphasis added.)

Furthermore, the example provided immediately after the sentence you refer to contemplates that a manufacturer is conducting the exportation. Mobizz is not a manufacturer and Mobizz is not a dealer. Additionally, in the examples and explanations provided immediately following the sentence you refer to, it is also explained that the physical condition and value of a vehicle do not determine whether the vehicle is "used" for purposes of 19 CFR §§ 192.0-192.4, as provided below:

> The definition of a used vehicle, for the purposes of the reporting requirements, *is not determined by the physical condition, economic value, or operating order of the self-propelled vehicle at the time of export*. Conditional statements included on commercial or contractual documents do not influence the status of the vehicle as either new or used as defined in the statute. Thus, for example, *a statement in a commercial transaction that says title will transfer upon delivery to the customer or at some other point after the export does not alter the definition of a used vehicle to make it "new"* at the time that it was exported. (emphasis added.)

According to the facts and cirumstances presented above, the subject motor vehicles have been purchased by Mobizz from an American dealer franchise located in the United States. In your submission you explicitly state that Mobizz is not a licensed dealer. We note that 19 U.S.C. § 1627a states, "the term 'ultimate purchaser' means *the first person, other than a dealer* purchasing in his capacity as a dealer..." (emphasis added.) We further note that 19 CFR § 192.1 states, "'Ultimate purchaser' means *the first person, other than a dealer* purchasing in his capacity as a dealer..." (emphasis added.) *See also* 19 CFR §§ 192.0-192.4. In this instance, Mobizz has explicitly stated it is not a dealer and is clearly *not* "a dealer purchasing in his capacity as a dealer."[9] Therefore, in the transaction proposed above, the subject motor vehicles are *used* within the meaning of 19 CFR § 192.1. Additionally, in 1999 CBP published the requirements for reporting such motor vehicles to Customs prior to exportation in the *Federal Register*, Vol. 64, No. 65, April 6, 1999, which states explicitly that,

> The question presented by these types of vehicles is whether title has been transferred by a manufacturer, distributor, or dealer to an ultimate purchaser, either legally or equitably, prior to the vehicle's exportation. If the legal or equitable title of the vehicle has been transferred prior to the vehicle's export, then the new or OEM vehicle must be reported to Customs before the vehicle can be exported; the vehicle having become 'used' and subject to these export reporting regulations." 64 Fed. Reg. 16635, April 6, 1999; Vol. 64, No. 65; T.D. 99-34.

---

[9] *See* Florida Statute § 320.27. Motor vehicle dealers. Florida Statute § 320.61. Licenses required of motor vehicle manufacturers, distributors, importers, etc. *See also* 21 Delaware Code § 6302 *et seq.* License requirements.

6

Accordingly, in light of all of the above, we find that such motor vehicles are subject to the requirements of 19 CFR §§ 192.0-192.4. *See* 19 U.S.C. § 1627a. *See also* HQ 116070, December 4, 2003; HQ H204515, May 2, 2012.

At this time we point out the relevant statutory provisions of 19 U.S.C. §§ 1627a, 1646a[10], 1646b[11] and 1646c[12] that provide for enforcement and compliance of such exports. In the course of performing their duties, CBP Officers may, based upon the facts and circumstances concerning a particular vehicle or vehicles, verify the presentation of proper documentation that shows the vehicles are actually transferred in the name of a party, to include a licensed dealer that is in possession of a valid current license, and showing that the vehicles are not "used" within the meaning of 19 CFR §§ 192.0-192.4.

**HOLDING:**

Based upon all of the facts and circumstances unique to this particular proposed transaction, the subject motor vehicles, as described above, are "used" vehicles within the meaning of 19 CFR § 192.1, and are thereby subject to the requirements of 19 CFR §§ 192.0-192.4. We further determine that HQ H228766, dated October 2, 2012, is affirmed.

Sincerely,

George Frederick McCray
Supervisory Attorney-Advisor/Chief
Cargo Security, Carriers and Restricted Merchandise Branch
Office of International Trade, Regulations & Rulings
U.S. Customs and Border Protection

---

[10] 19 U.S.C. § 1646a. Supervision by customs officers. Wherever in this Act any action or thing is required to be done or maintained under **the supervision of customs officers**, such supervision may be direct and continuous or by occasional verification as may be required by regulations of the Secretary of the Treasury, or, in the absence of such regulations for a particular case, **as the principal customs officer concerned shall direct**. (emphasis added.)

[11] 19 U.S.C. § 1646b. Random customs inspections for stolen automobiles being exported
The Commissioner of Customs shall direct **customs officers to conduct at random inspections of automobiles, and of shipping containers that may contain automobiles that are being exported**, for purposes of determining whether such automobiles were stolen. 19 U.S.C. § 1646b. (emphasis added.)

[12] 19 U.S.C. § 1646c. Export reporting requirement
The Commissioner of Customs **shall require all persons or entities exporting used automobiles**, including automobiles exported for personal use, by air or ship to provide to the Customs Service, at least 72 hours before the export, the vehicle identification number of each such automobile **and proof of ownership of such automobile**. The Commissioner shall establish specific criteria for randomly selecting used automobiles scheduled to be exported, consistent with the risk of stolen automobiles being exported and shall check the vehicle identification number of each automobile selected pursuant to such criteria against the information in the National Crime Information Center to determine whether such automobile has been reported stolen. At the request of the Director of the Federal Bureau of Investigation, the Commissioner shall make available to the Director all vehicle identification numbers obtained under this section. 19 U.S.C. § 1646c. (emphasis added.)

HQ H228766

October 2, 2012

BOR-4-07-OT:RR:BSTC:CCR  H228766  DAC

CATEGORY:  Carriers

Peter A. Quinter
Gray Robinson
1221 Brickell Ave., Suite 1600
Miami, FL 33131-0014

RE:   Export, self-propelled vehicles. 19 CFR §§ 192.0-192.4. 19 U.S.C. §§ 1627a, 1646a,
      1646b, 1646c. 15 CFR § 758.7, 19 CFR § 161.2, 22 CFR § 127.4.

Dear Mr. Quinter:

This letter is in response to your letter of July 18, 2012, submitted on behalf of Mobizz IT Solutions LLC ("Mobizz"), requesting a determination of the term "used" and the application of the Customs and Border Protection (CBP) Regulations located at 19 CFR § 192.0-192.4, with respect to certain proposed transactions of motor vehicles. Our determination is set forth below.

**FACTS:**

In your submission of July 18, 2012, you submit the following facts and circumstances. Mobizz is a corporation based in Miami, Florida. Mobizz purchases new vehicles from American dealer franchises and immediately facilitates the exportation of such vehicles to a dealer in Brazil. The dealer in Brazil later sells the vehicles to yet another party. The vehicle certificates of title are issued in the name of Mobizz. Mobizz then makes arrangements for export of the subject motor vehicles to Brazil. You also state that in some transactions, Mobizz receives the original Manufacturers Statement of Origin (MSO), but in most instances Mobizz receives the certificates of title. Finally, we note that in your submission you explicitly state "Mobizz is *not* a licensed dealer." (emphasis retained). Your submission inquires whether the subject motor vehicles purchased in such transactions are considered "used" within the meaning of 19 CFR § 192.1 and thereby subject to the requirements of 19 CFR §§ 192.0-192.4.

**ISSUE:**

Whether the subject motor vehicles that are purchased by Mobizz from an automobile dealer franchise located in the United States, for the express purpose of export to a dealer located in Brazil that will sell the subject vehicles to yet another party, are considered "used" within the meaning of the CBP Regulations at 19 CFR § 192.1 and subject to the requirements of 19 CFR §§ 192.0-192.4.

**LAW AND ANALYSIS:**

The relevant statutes and regulations that are directly related to the proposed transaction under consideration are located at 19 U.S.C. §§ 1627a, 1646a, 1646b, and 1646c; and 19 CFR §§ 192.0-192.4. At this time we emphasize to all parties that the export of any and all merchandise from the United States, to include the subject vehicles, must comply with all United States statutes and regulations related to exportation, whether administered by CBP or another agency. *See especially* 15 CFR Part 30; 15 CFR Part 700 *et seq*; 19 CFR Part 18; 19 CFR Part 111; 19 CFR § 192.14; 22 U.S.C. §§ 401, 2780; 18 U.S.C. §§ 511, 512, 2312, 2321; and the SDN list published at: http://www.treasury.gov/ofac/downloads/ctrylst.txt. We further emphasize that this ruling is limited only to the subject proposed transaction, as described above, within the meaning of 19 U.S.C.§ 1627a and within the meaning of the CBP Regulations located at 19 CFR §§ 192.0-192.4.

2

The relevant statute located at 19 U.S.C. § 1627a[1], provides, in pertinent part:

> (c) **Definitions. For purposes of this section--**
> (1) the term **"self-propelled vehicle" includes any automobile**, truck, tractor, bus, motorcycle, motor home, self-propelled agricultural machinery, self-propelled construction equipment, self-propelled special use equipment, and any other self-propelled vehicle used or designed for running on land but not on rail;
> …
> (3) the term **"used"** refers to any self-propelled vehicle the equitable or legal title to which has been transferred by a manufacturer, distributor, or dealer to an ultimate purchaser; **and**
> (4) the term **"ultimate purchaser"** means **the first person, other than a dealer** purchasing in his capacity as a dealer, who in good faith purchases a self-propelled vehicle for purposes other than resale.  19 U.S.C. § 1627a(c). (emphasis added.)

The relevant regulations located at 19 CFR §§ 192.0-192.1, provide, in pertinent part:

> 19 CFR § 192.0  Scope.
> This part sets forth regulations pertaining to procedures for the lawful **exportation of used self-propelled vehicles**, vessels, and aircraft, and the penalties and liabilities incurred for failure to comply with any of the procedures. (emphasis added.)

---

[1] 19 U.S.C. § 1627a.
(a) Violations; penalties; seizures and forfeitures.
  (1) Whoever knowingly imports, exports, or attempts to import or export--
    (A) **Any** [any] stolen self-propelled vehicle, vessel, aircraft, or part of a self-propelled vehicle, vessel, or aircraft; or
    (B) **any** self-propelled vehicle or part of a self-propelled vehicle from which the identification number has been removed, obliterated, tampered with, or altered;
   **shall be** subject to a **civil penalty** in an amount determined by the Secretary, not to exceed $ 10,000 for each violation.
  (2) **Any violation of this subsection shall make such self-propelled vehicle,** vessel, aircraft, **or part thereof subject to seizure and forfeiture under this Act**.
(b) Regulations; violations; penalties. **A person attempting to export a used self-propelled vehicle shall present, pursuant to regulations prescribed by the Secretary, to the appropriate customs officer both the vehicle and a document describing such vehicle which includes the vehicle identification number, before lading if the vehicle is to be transported by vessel or aircraft, or before export if the vehicle is to be transported by rail, highway, or under its own power.**  Failure to comply with the regulations of the Secretary shall subject such person to a civil penalty of not more than $ 500 for each violation.
…
(d) **Cooperation of law enforcement and governmental authorities**.  Customs officers may cooperate and exchange information concerning motor vehicles, off-highway mobile equipment, vessels, or aircraft, either before exportation or after exportation or importation, with such Federal, State, local, and foreign law enforcement or governmental authorities, and with such organizations engaged in theft prevention activities, as may be designated by the Secretary.  19 U.S.C. § 1627a. (emphasis added.)

3

> 19 CFR §192.1  Definitions.
> The following are general definitions for the purposes of this subpart A.
> \* \* \*
>
> *Export.* **"Export"** refers to the **transportation of merchandise out of the U.S.** for the purpose of being entered into the commerce of a foreign country.
>
> *Self-propelled vehicle.* **"Self-propelled vehicle" includes any automobile**, truck, tractor, bus, motorcycle, motor home, self-propelled agricultural machinery, self-propelled construction equipment, self-propelled special use equipment, and any other self-propelled vehicle used or designed for running on land but not on rail.
>
> *Ultimate purchaser.* **"Ultimate purchaser" means the first person, other than a dealer** purchasing in his capacity as a dealer, who in good faith purchases a self-propelled vehicle for purposes other than resale.
>
> *Used.* **"Used" refers to any self-propelled vehicle** the equitable or legal title to which has been transferred by a manufacturer, distributor, or dealer to an ultimate purchaser. (italics in original). (bold emphasis added.)

According to the facts and cirumstances presented above, the subject motor vehicles have been purchased by Mobizz from an American dealer franchise located in the United States. In your submission you explicitly state that Mobizz is not a licensed dealer. We note that 19 U.S.C. § 1627a states, "the term 'ultimate purchaser' means *the first person, other than a dealer* purchasing in his capacity as a dealer…" (emphasis added.)  We further note that 19 CFR § 192.1 states, "'Ultimate purchaser' means *the first person, other than a dealer* purchasing in his capacity as a dealer…" (emphasis added.) *See also* 19 CFR §§ 192.0-192.4.  In this instance, Mobizz has explicitly stated it is not a dealer and is clearly *not* "a dealer purchasing in his capacity as a dealer." Therefore, in the transaction proposed above, the subject motor vehicles are *used* within the meaning of 19 CFR § 192.1. Additionally, in 1999 CBP published the requirements for reporting such motor vehicles to Customs prior to exportation in the *Federal Register*, Vol. 64, No. 65, April 6, 1999, which states explicitly that,

> The question presented by these types of vehicles is whether title has been transferred by a manufacturer, distributor, or dealer to an ultimate purchaser, either legally or equitably, prior to the vehicle's exportation.  If the legal or equitable title of the vehicle has been transferred prior to the vehicle's export, then the new or OEM vehicle must be reported to Customs before the vehicle can be exported; the vehicle having become 'used' and subject to these export reporting regulations." 64 Fed. Reg. 16635, April 6, 1999; Vol. 64, No. 65; T.D. 99-34.

4

Accordingly, in light of all of the above, we find that such motor vehicles are subject to the requirements of 19 CFR §§ 192.0-192.4.  *See* 19 U.S.C. § 1627a.  *See also* HQ 116070, December 4, 2003; HQ H204515, May 2, 2012.

At this time we point out the relevant statutory provisions of 19 U.S.C. §§ 1627a, 1646b[2] and 1646c[3] that provide for enforcement and compliance of such exports.  In the course of performing their duties, CBP Officers may, based upon the facts and circumstances concerning a particular vehicle or vehicles, verify the presentation of proper documentation that shows the vehicles are actually transferred in the name of a party, to include a licensed dealer that is in possession of a valid current license, and showing that the vehicles are not "used" within the meaning of 19 CFR §§ 192.0-192.4.

**HOLDING:**

Based upon all of the facts and circumstances unique to this particular proposed transaction, the subject motor vehicles, as described above, are "used" vehicles within the meaning of 19 CFR § 192.1, and are thereby subject to the requirements of 19 CFR §§ 192.0-192.4.

Sincerely,

George Frederick McCray
Supervisory Attorney-Advisor/Chief
Cargo Security, Carriers and Restricted Merchandise Branch
Office of International Trade, Regulations & Rulings
U.S. Customs and Border Protection

---

[2] 19 U.S.C. § 1646b.  Random customs inspections for stolen automobiles being exported
The Commissioner of Customs shall direct **customs officers to conduct at random inspections of automobiles, and of shipping containers that may contain automobiles that are being exported**, for purposes of determining whether such automobiles were stolen.  19 U.S.C. § 1646b. (emphasis added.)

[3] 19 U.S.C. § 1646c.  Export reporting requirement
The Commissioner of Customs **shall require all persons or entities exporting used automobiles**, including automobiles exported for personal use, by air or ship to provide to the Customs Service, at least 72 hours before the export, the vehicle identification number of each such automobile **and proof of ownership of such automobile**.  The Commissioner shall establish specific criteria for randomly selecting used automobiles scheduled to be exported, consistent with the risk of stolen automobiles being exported and shall check the vehicle identification number of each automobile selected pursuant to such criteria against the information in the National Crime Information Center to determine whether such automobile has been reported stolen.  At the request of the Director of the Federal Bureau of Investigation, the Commissioner shall make available to the Director all vehicle identification numbers obtained under this section.  19 U.S.C. § 1646c. (emphasis added.)