IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 3:13-2444-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VARIOUS VEHICLES AND FUNDS ) | |
| DESCRIBED IN ATTACHMENT 1, ) | |
| ) | |
| Defendants *In Rem.* ) | |

## AMENDED SETTLEMENT AGREEMENT

Plaintiff, the United States of America, and Alibek Turkayev and Automotive Export, Inc. (together, "Claimants"), enter into this AMENDED Settlement Agreement,[1] the terms of which are as follows:

1. Claimants warrant that they are the sole owners of the Defendant Property named herein, consisting of Defendant Vehicle #1, described in Attachment 1 of the Second Amended Complaint as a 2013 Porsche Cayenne (VIN: WP1AA2A26DLA08359); and Defendant Funds #2, described as $120,786.76, representing the contents of TD Bank account # xxxxxx0500, in the name of Automotive Export, Inc. Claimants previously claimed all right, title, and interest to the Defendant Property in this action. Claimants warrant that no third parties other than Claimants have or claim any right, title, or interest in the Defendant Property, as shown, in part, by the fact that no other claims have been filed to such property following the Government's

---

1 This Amended Settlement Agreement corrects the Vehicle Identification Number (VIN) for Defendant Vehicle #1, which is WP1AA2A26DLA08359. There are no other changes from the originally filed Settlement Agreement (ECF No. 156), which listed an incorrect VIN of WP1AA2A20DLA11029.

provision of direct notice and published notice to other potential claimants to the Defendant Property. Further, as shown in the Second Amended Complaint, Claimants paid the purchase money to acquire Defendant Vehicle #1, giving rise to a resulting trust in Claimants' favor.

2. In exchange for the Government's agreements as set forth herein, Claimants agree, from the date of this Settlement Agreement forward, to use reasonable efforts to ensure the accuracy of information submitted in vehicle title applications filed with the South Carolina Department of Motor Vehicles regarding any vehicles acquired by or on behalf of Claimants, and to correct any errors or omissions contained therein within 30 days of discovery.

3. In exchange for the Government's agreements as set forth herein, Claimants agree that with respect to any future purchases of new vehicles in the District of South Carolina, Claimants and their agents or employees will make full disclosure to all South Carolina vehicle dealerships of Claimants' involvement in the purchase transaction, including disclosure of the involvement of any of Claimants' agents or employees in the purchase. Claimants further agree that if a vehicle is being purchased in South Carolina for export, Claimants or Claimants' agents or employees will fully disclose such export intentions to the South Carolina dealerships prior to purchase.

4. In exchange for Claimants' agreements as set forth herein, the United States agrees to dismiss its forfeiture complaints against the Defendant Property, and to release the Defendant Property to the Claimants under the terms and conditions as set forth herein.

5. The Government agrees to make Defendant Vehicles #1 available to Claimants for pick-up within thirty (30) days of the date the Court issues the order of dismissal. Claimants understand that although the Government will release Defendant Vehicle #1 to Claimants or their designees, the Government is not responsible for any expenses incurred by Claimants in retrieving such vehicles (including, but not limited to, expenses associated with travelling to the storage sites, or transportation expenses associated with moving the vehicles from the storage sites). The Government is responsible for all storage fees for such vehicles incurred after the date of seizure through the date that the Court issues the order of dismissal. If, after the Government makes Defendant Vehicle #1 available to Claimants for pick-up, Claimants do not retrieve Defendant Vehicle #1 after 10 days, then Claimants will be responsible for any storage fees incurred thereafter.

6. On or before the date on which the Government makes Defendant Vehicle #1 available for pick-up by Claimants, the Government will return any original vehicles titles in its possession related to Defendant Vehicle #1 to the attorneys for Claimants. The Government further agrees to return to Claimants any title applications for Defendant Vehicle #1 previously seized by the Government. The Government does not oppose McDaniel's Porsche releasing the Manufacturer's Certificate of Origin to Claimant or its designee.

7. As soon as practicable following entry of an order of dismissal, Plaintiff, United States of America, shall release Defendant Funds #2 to Claimants. Payment will be made by Electronic Funds Transfer (EFT) to the trust account of Claimants' counsel, Fox Rothschild, LLP.

8.      Federal law, codified at 31 U.S.C. § 3716, requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support).   If an offset is made to the payment to be made pursuant to this agreement, Claimants will receive a notification from the Department of the Treasury, which is sent to the last address provided by Claimants to the governmental agency or entity to whom the offset payment is made.   If Claimants believe that the payment being made pursuant to this Settlement Agreement may be subject to an offset, Claimants may contact the Treasury Department at 1-800-304-3107.   The terms of this settlement do not affect the tax obligations, fines, penalties, or any other monetary obligations the Claimants owe to the United States or any individual state.

9.      Claimants hereby release and forever discharge the United States of America, and its departments and agencies, and their servants, employees, heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Claimants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure or detention of the Defendant Property.

10.     Nothing contained in this Settlement Agreement shall constitute an admission of liability or fault on the part of Claimants, who expressly deny any fault, liability, or wrongdoing.  The parties to this Settlement Agreement are entering into it solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

11.     The Government and Claimants agree to bear their own costs and

attorney's fees, and to execute and/or consent to any additional documents necessary to implement the terms of this Settlement Agreement.

12. Claimants represent and warrant that they are duly authorized to enter into this Settlement Agreement on behalf of all corporate entities that are parties to this agreement.

13. The United States Attorney for the District of South Carolina agrees not to bring a civil action or criminally prosecute Claimants Alibek Turkayev and Automotive Export, Inc., their principals, directors, employees, subsidiaries, property, sureties, representatives, attorneys, agents, successors, and assigns for any of the acts described in the Complaint, First Amended Complaint, or Second Amended Complaint, and/or conduct which took place prior to the date on which this Settlement Agreement is filed with the Court, and which arises out of or relates to the purchase and sale of motor vehicles via the alleged use of straw buyers. The United States Attorney for the District of South Carolina further agrees to recommend to any other federal, state, or local prosecutors that they forego criminal prosecution based upon the same acts. Claimants acknowledge and understand that any such recommendation by the United States Attorney for the District of South Carolina is not binding on any other federal, state, or local prosecutor.

14. This Settlement Agreement is entered into by the parties in full and final settlement of any and all claims, demands, and/or liens related to the seizure or detention of the Defendant Property which the parties have or may claim related to the acts described in the Complaint, First Amended Complaint, or Second Amended Complaint. The United States and the Claimants, their agents, subrogees, successors, and assigns,

through their respective counsel, hereby stipulate and agree to this compromise settlement of the above-captioned forfeiture matter upon the terms and conditions set forth above.

                                  Respectfully submitted,

                                  WILLIAM N. NETTLES
                                United States Attorney

3/5/2015                       By: s/ Stanley D. Ragsdale
DATE                          STANLEY D. RAGSDALE (I.D. No. 3197)
                                Assistant United States Attorney
                                1441 Main St., Suite 500
                                Columbia, SC 29201
                                Tel.: (803) 929-3078
                                Email: stan.ragsdale@usdoj.gov

                                I CONSENT:

03.04.2015                    s/ G. Wells Dickson, Jr.
DATE                          G. WELLS DICKSON, JR. (I.D. No. 538)
                                Wells Dickson, P.A.
                                124 S. Academy Street
                                Post Office Box 819
                                Kingstree, South Carolina 29556
                                Telephone No. (843) 354-5519
                                Email: chas@wellsdickson.com
                                I CONSENT:

03.04.2015                    s/ Ely Goldin
DATE                          ELY GOLDIN (admitted *pro hac vice*)
                                PATRICK J. EGAN (admitted *pro hac vice*)
                                WILLIAM E. VISS (admitted *pro hac vice*)
                                Fox Rothschild LLP
                                10 Sentry Parkway, Suite 200
                                P.O. Box 3001
                                Blue Bell, Pennsylvania 19422
                                Telephone No. (610) 397-6509
                                Facsimile No. (610) 397-0450 (fax)

*egoldin@foxrothschild.com*
*pegan@foxrothschild.com*
*wviss@foxrothschild.com*

*Counsel for Claimants Alibek Turkayev and Automotive Export, Inc.*